16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Eugene R. ROSNOW, Appellant,
v.
UNITED STATES of America, Appellee.
Leland Frederick Erickson, Appellant,
v.
United States of America, Appellee.(UNPUBLISHED)
George A. Yant, Appellant,
v.
United States of America, Appellee.
 Nos. 93-2416, 93-2418, 93-2419.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 7, 1993.
Filed: January 24, 1994.
 
 Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Eugene R. Rosnow, George A. Yant, and Leland F. Erickson ("appellants") appeal the district court's[1] dismissal without prejudice of their 28 U.S.C. Sec. 2255 motions. We affirm.
 
 
 2
 Appellants were convicted of filing false Internal Revenue Service (IRS) forms and filing false forms 1096 and 1099. In addition, Yant was convicted of submitting false 1040 forms requesting refunds, and Erickson and Rosnow were convicted of attempting to impede or obstruct an IRS investigation. The convictions were affirmed in United States v. Rosnow, 977 F.2d 399, (8th Cir. 1992) (per curiam), cert. denied, 113 S. Ct. 1596 (1993), and, after remand for resentencing, the sentences were affirmed in United States v. Rosnow, Nos. 93-1153, 93-1154, 93-1156, 93-1157, 93-1158, 93-1159, slip op. at 3, 5 (8th Cir. Nov. 19, 1993) (per curiam).
 
 
 3
 While appellants' second direct criminal appeals were pending, they filed motions to vacate their sentences pursuant to 28 U.S.C. Sec. 2255. The district court dismissed the motions without prejudice, concluding that it could not entertain them while the direct appeals were under consideration. Appellants appealed, arguing that their motions presented exceptional circumstances entitling them to immediate consideration despite their pending direct criminal appeals.
 
 
 4
 Although the district court dismissed the petitions as being filed prematurely,[2] a remand is not necessary. The petitions must be dismissed as a matter of law because all of the issues raised in the petitions have now been passed upon in this court's previous opinions dealing with the convictions and sentences.
 
 
 
 *
 *The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 See United States v. Jagim, 978 F.2d 1032, 1042 (8th Cir. 1992), cert. denied sub nom. Ziebarth v. United States, 113 S. Ct. 2447 (1993)